**MOBILE HOME ASSOCIATES, et al., Plaintiffs-Respondents,**

v.

**CABLEVISION OF JEFFERSON COUNTY, Defendant-Appellant.**

No. 48197.

Missouri Court of Appeals, Eastern District, Division Two.

June 28, 1985.

Motion for Rehearing and/or Transfer Denied Aug. 28, 1985.

Application to Transfer Denied Oct. 16, 1985.

---

Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervitz, St. Louis, for plaintiffs-respondents.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Mark G. Arnold, St. Louis, for defendant-appellant.

SIMON, Presiding Judge.

Cablevision of Jefferson County, Inc. (CJC), appellant, appeals the granting of a permanent injunction by the Circuit Court of Jefferson County enjoining CJC from entering upon respondent's, Mobile Home Associates, a partnership, property and maintaining or continuing to maintain cable television service to respondent's mobile home parks. The injunction resulted from a dispute as to the right of CJC to install and maintain cable television to the residents of respondent's mobile home parks. Respondent owns and operates two mobile home parks, Siesta Manor Mobile Home Parks and Sugar Creek Mobile Home Park, in Jefferson County. CJC presently provides cable service to approximately 15 residents of Siesta Manor.

On appeal, CJC contends that the trial court erred in enjoining it in that: (1) CJC had permission from all necessary parties to provide cable television service; (2) the injunction constitutes an illegal restraint of trade in violation of 15 U.S.C. §§ 1–2 and §§ 416.031.1, .2 RSMo.1978. We affirm.

Respondent previously negotiated with several cable television companies, including CJC, in order to obtain cable service for the residents of the parks. On November 19, 1983, respondent entered into exclusive contracts with Heritage Cable, Inc., whereby Heritage Cable was to provide cable television to Siesta Manor and Sugar Creek Mobile Home Parks. Under these con-

tracts, respondent receives a percentage of the revenue.

Approximately 90% of the residents of Siesta Manor and Sugar Creek are subject to leases, typically one year in duration. The rules and regulations of the parks are expressly incorporated into the residents' leases. The rules and regulations prohibit residents from making any changes or additions to the lots, including the driving of rods into the ground, without permission from management. Further, the rules forbid soliciting and peddling and "no trespassing" signs are located on the properties.

Respondents' predecessor in title granted easements to Union Electric Company ranging from ten to twenty-five feet in width for the purpose of providing utility service to the residents of the parks. Respondents agree that Union Electric's easement is apportionable and has a right to grant licenses to others. Consistent with its easement, Union Electric entered into a pole license agreement with CJC and Heritage Cable Inc., allowing them to run their lines on Union Electric's poles subject to first obtaining "any and all necessary consents ... from the owners of private lands and property involved ..." CJC also entered into a non-exclusive franchise agreement with Jefferson County granting CJC the right to enter upon and erect its cable television system on "public places" within Jefferson County. CJC ran its lines along the easement without first obtaining consent from the respondent. CJC also ran drop lines and installed grounding stakes on respondent's property lying outside the confines of the Union Electric easement.

Heritage Cable Inc. finished its installation of cable television service at Sugar Creek but it has not completed installation at Siesta Manor. Heritage Cable's efforts to install cable at Siesta Manor has been frustrated by the presence of CJC's lines, drop lines and grounding rods. Respondent and Union Electric demanded the removal of CJC's cables, lines and fixtures.

CJC argues that the pole license agreement with Union Electric does not require permission from respondent in order to run its lines, drop lines, and grounding rods, and it obtained all necessary consent from the lessees of the lots in the mobile home park. Further, CJC contends the trial court's action constitutes a restraint of trade.

Our standard of review in court tried cases is set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We must sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of evidence, unless the trial court erroneously declares the law, or unless it erroneously applies the law.

The trial court made extensive findings of fact and conclusions of law. We have reviewed these findings and conclusions and the record, and conclude that the trial court's findings of fact are supported by substantial evidence and the trial court did not erroneously declare or apply the law. An extended opinion would serve no precedential value.

Judgment affirmed.

STEPHAN, J., and JOHN C. CROW, Special Judge, concur.